IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| AUNDRA E. SYKES, #113987, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| | ) CASE NO. 2:11-CV-64-TMH |
| | ) [WO] |
| | ) |
| J. C. GILES, et al., | ) |
| | ) |
| Respondents. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

This case is before the court on an action styled as an "Application[] for Habeas Corpus Under 28 U.S.C. § 2254" filed by Aundra E. Sykes ["Sykes"], a state inmate presently incarcerated at the Farquhar Cattle Ranch.  In this petition, Sykes complains that in July of 2010 a correctional officer confiscated his personal property when he entered Kilby Correctional Facility for an eye examination.  Sykes seeks declaratory relief, return of his property and criminal prosecution of the responsible officer for theft of property.

**II.  DISCUSSION**

**A.  Habeas Corpus Relief**

Sykes does not challenge the constitutionality of his custody which is a requisite element for a federal habeas petition.  28 U.S.C. § 2254(a) (emphasis added) ("[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court *only on the ground that he is in custody*

*in violation of the Constitution or laws ... of the United States*."). Consequently, Sykes is not entitled to federal habeas relief and, to the extent he seeks relief under 28 U.S.C. § 2254, this case is due to be summarily dismissed.

### B. Section 1983 Claim

To the extent the instant cause of action can be construed to assert a claim under 42 U.S.C. § 1983 regarding a denial of due process with respect to the confiscation of personal property, Sykes is entitled to no relief from this court.

> If the [property] was not returned because of [the correctional officer's] negligence, there has been no unconstitutional deprivation of property. *See Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (negligent loss of property does not rise to the level of a constitutional violation.) If [the officer] intentionally refused to return the [property], plaintiff has not alleged a constitutional violation. In *Hudson v. Palmer* the Court ruled that an 'unauthorized intentional deprivation of property by a state employee does not constitute a violation of the Due Process Clause ... if a meaningful postdeprivation remedy for the loss is available.' 104 S.Ct. at 3202, 82 L.Ed.2d at 407.

*Rodriguez-Mora v. Baker*, 792 F.2d 1524, 1527 (11th Cir. 1986).

The State of Alabama, through its Board of Adjustment, provides a meaningful post-deprivation remedy for Sykes to seek redress for the loss of his property, *Ala. Code* § 41-9-60 *et seq.*, a remedy the existence of which Sykes acknowledges. *Petition for Writ of Habeas Corpus Relief - Court Doc. No. 1* at 5. Consequently, any due process claim arising from the confiscation of Sykes' property, whether such was the result of negligence or an intentional act, provides no basis for federal relief. In light of the foregoing, the court concludes that this case, with respect to its presentation of a claim more appropriately before this court in

a section 1983 action, is subject to summary dismissal pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).[1]

### III. Request for Criminal Prosecution

Sykes maintains the correctional officer who confiscated his property should be subjected to criminal prosecution for theft of property. This assertion likewise entitles Sykes to no relief as an individual has no right to initiate criminal proceedings against any other individual. *Linda R. S. v. Richard D.*, 410 U.S. 614, 619 (1973) (A "private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another."); *see also Leeke v. Timmerman*, 454 U.S. 83 (1981). Thus, Sykes' request for criminal prosecution of the correctional officer is due to be dismissed.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. To the extent Sykes seeks habeas corpus relief, the instant application be DENIED.

2. To the extent Sykes seeks relief under 42 U.S.C. § 1983 for an alleged violation of his due process rights, the case be DISMISSED with prejudice pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

3. The assertion of a right to the criminal prosecution of a correctional officer be summarily dismissed.

---

[1] The court granted Sykes leave to proceed *in forma pauperis* in this cause of action. *Court Doc. No. 3*. A prisoner who is allowed to proceed *in forma pauperis* will have his claims screened under the provisions of 28 U.S.C. § 1915(e)(2)(B) which requires this court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

4.  This case be DISMISSED with prejudice.

It is further

ORDERED that on or before February 15, 2011 the parties may file objections to this Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 31st day of January, 2011.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE